Common Pleas Court of Hamilton County.

WILLIAM J. SCHULTZ V. CITY OF CINCINNATI, ET AL.

Decided September 20, 1933.

*Eli G. Frankenstein,* for plaintiff.

*John D. Ellis,* city solicitor, and *Ed F. Alexander,* asst. city solicitor, for the city of Cincinnati.

BELL, J.

This is an action by William J. Schultz, as an elector and taxpayer against the city of Cincinnati and the Baltimore & Ohio Railroad Company, and the prayer of the petition is for a mandatory injunction. After setting up that he is an elector and taxpayer of the city of Cincinnati, that the city of Cincinnati is a municipal corporation, and that the Baltimore & Ohio Railroad Company is a Maryland corporation doing interstate railroad business, and that the railroad runs through and across certain public highways of Cincinnati, intersecting said highways and streets, he then sets forth that prior to the bringing of this action a request was made upon the city solicitor to bring the action, which was refused. He then alleges that in 1928, council of the city of Cincinnati passed an ordinance declaring the necessity of eliminating railroad grade crossings at the intersection of the Baltimore & Ohio Railroad and certain public highways of the city of Cincinnati, and that the ordinance authorized the issuance and sale of bonds of the city of Cincinnati in the sum of two million ($2,000.000) dollars for the aforementioned purpose. Plaintiff alleges that two of the grade crossings referred to were located at the intersection of the main line of the defendant the Baltimore & Ohio Railroad Company with the public highway known as Mitchell avenue, and likewise the intersection of said railroad with Clifton avenue, and it is alleged that the defendant Railroad Company agreed to pay a certain proportion of the costs of the elimination; that the intersections at grade of the railroad and the two highways aforementioned are a continuous and continuing menace to public life and property, and that the crossing at grade of the railroad over said public highways is a menace to the general public welfare.

Plaintiff further alleges that after the passage of the ordinance, the question of issuing bonds of said city in the sum of two million dollars for the purpose of elimination of grade crossings was submitted to the electors of the city of Cincinnati in 1928, as required by law, and at the election in November, 1928, the electors of said city by large plurality voted in favor of issuing and selling said bonds. Plain-

tiff further states that as a result of said election it became the mandatory duty of the city to issue and sell bonds of the said city in the sum of two million dollars, and to appropriate the proceeds of the sale for the purposes as therein set forth as expeditiously as possible. Plaintiff further alleges that by the passage of the ordinance and the ratification of the expenditure by the electors of the city it became the mandatory duty of the Railroad Company to pay its proportionate share of the cost of the elimination work.

Plaintiff further sets forth that the city and the Railroad Company have failed to do said work or to commence said work up to the time of the bringing of this action, and plaintiff further says that by doing such work many men could be employed and could secure means of livelihood for a long period of time, and that it is the duty of the defendants, both as a matter of law and as a matter of humanity, and also as a matter of saving large sums for the taxpayers of Cincinnati, that said work be proceeded with at once.

These are the substantial allegations of the petition, followed by a prayer that this court issue a mandatory injunction against the defendant the city of Cincinnati ordering and compelling the defendant to issue and sell the bonds and devote the proceeds of sale to the purpose for which they were designated, and that a mandatory injunction issue against the defendant Railroad Company, compelling it to pay its proportionate share of the cost of the said crossing elimination, and that the city be compelled to proceed at this time, in accordance with the ordinance aforesaid, and for such other relief to which the plaintiff may be entitled.

To this petition the defendant the Baltimore & Ohio Railroad Company has failed to plead.

The city of Cincinnati has filed a general demurrer upon the ground that the allegations of the petition are insufficient in law to constitute a cause of action.

There are two questions raised by this demurrer: first, whether or not an action for a mandatory injunction is the appropriate action; and second, the power of the court to order the council to proceed with such improvements.

After an examination of the authorities there can be no question but that the form of action is inappropriate. The

members of council of the city of Cincinnati are public officers and the law is clear that the proper action to compel a public officer to do an act specifically enjoined by law is an action in mandamus and not injunction. This court is entirely without power by mandatory injunction to order the council of the city of Cincinnati to do any act, and this court is certainly without power by mandatory injunction to order the Baltimore & Ohio Railroad Company, defendant corporation, to pay money.

The statutes of this state provide how improvements, such as the elimination of grade crossings, shall be made, and these statutes further provide that the city in the elimination shall let the contract, supervise the work and pay the contract price, and charge a proportionate part of the cost to the Railroad Company. In the event the Railroad Company neglects or refuses to pay, the city shall bring an action at law for the recovery of such proportionate share assessed against the Railroad Company.

This is sufficient to dispose of this immediate case, but the disposition of the case on this one point might probably lead to confusion and to a dismissal of this action and the bringing of another action in mandamus, and for that reason the court will express its views upon the real questions in controversy.

In arriving at a conclusion upon the real controversy in this case it must be kept in mind that the government of the United States and the government of this state are based upon the principal of three separate and distinct, yet coordinate, branches of the government—the executive, the legislative and the judicial. Generally speaking, the judicial branch of the government will never encroach upon the duties and rights of either of the other branches, unless one or the other of these branches refuses to perform its lawful duty, or abuses its discretion, or goes beyond the bounds of its power under the Constitution.

With this in mind a correct solution of the questions involved cannot be arrived at without a consideration of the rights and duties of the council of the city of Cincinnati, which is the legislative branch of the government within the confines of the city.

The power to create municipal indebtedness is lodged by law in the city council. Some municipal indebtedness, and in some instances bonded indebtedness, may be incurred by the council without reference to the notions, ideas or consent of any one except the members of the council.

Under the constitution and statutes of this state it is provided in certain matters where council desires to issue bonds and create a bonded indebtedness of the city for the making of an improvement, the council must get the approval and consent of a certain proportion of the electors of the city. In this instance the approval of the electors was necessary before council could issue bonds in the sum of two million dollars, and such approval was received from the electors. This plaintiff contends that when such question was submitted to the electors and their approval was · given, it became the mandatory duty of the city to issue such bonds.

With that view the court cannot agree. If council, after receiving such approval and consent by the electors, had seen fit to delay or abandon the improvement, that was a matter, under the law, for their discretion and their judgment, and in no case would any court ever interfere with the judgment or descretion of the council unless there was a clear showing of such an abuse of descretion as would amount to fraud.

There is certainly nothing in this petition upon which a court could make any finding that the council of the city of Cincinnati was guilty of any abuse of discretion in its failure to issue these bonds and proceed with this improvement.

What reason, or reasons, has motivated the council in not proceeding with the work is not the concern of the court, it being a well established and cardinal principle of law that in the absence of anything to the contrary the courts will presume that all public officials have properly performed their public functions and that they have not abused any discretion placed with them by the law.

The court is therefore of the opinion that it has no power to interfere with the functions of the city council in this matter and therefore the petition does not state a cause of action against the defendant, the city of Cincinnati.

The demurrer is sustained and the petition is dismissed at the costs of the plaintiff.